# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* Estate of LINDA ROBERDEAUX.

---

DENNIS ROBERDEAUX, SR., Personal
Representative

       Plaintiff-Appellant,

v

EVANGELICAL HOMES OF MICHIGAN doing
business as EVANGELICAL HOME-SALINE and
MICHIGAN SPORTS MEDICINE &
ORTHOPEDIC CENTER,

       Defendants,

and

WASHTENAW MEDICINE P.C., doing business
as WASHTENAW INTERNAL MEDICINE
ASSOCIATES, CHERYL A. HUCKINS, M.D.,
and MARK A. KELLEY, M.D.,

       Defendants-Appellees.

UNPUBLISHED
October 18, 2016

No. 323802
Washtenaw Circuit Court
LC No. 13-000675-NH

---

Before: SERVITTO, P.J., and WILDER and BOONSTRA, JJ.

SERVITTO, P.J. (*concurring in part and dissenting in part*).

I agree with most of the majority's conclusions in this case. I would have found, however, that the trial court abused its discretion in allowing Dr. Voytas to provide standard-of-care testimony in this case. Thus, on that issue, I respectfully dissent.

MCL 600.2169 governs expert testimony on the appropriate standard of care and provides, in part, as follows:

> (1) In an action alleging medical malpractice, a person shall not give expert testimony on the appropriate standard of practice or care unless the person

-1-

is licensed as a health professional in this state or another state and meets the following criteria:

(a) If the party against whom or on whose behalf the testimony is offered is a specialist, specializes at the time of the occurrence that is the basis for the action in the same specialty as the party against whom or on whose behalf the testimony is offered. However, if the party against whom or on whose behalf the testimony is offered is a specialist who is board certified, the expert witness must be a specialist who is board certified in that specialty.

(b) Subject to subdivision (c), during the year immediately preceding the date of the occurrence that is the basis for the claim or action, devoted a majority of his or her professional time to either or both of the following:

(*i*) The active clinical practice of the same health profession in which the party against whom or on whose behalf the testimony is offered is licensed and, if that party is a specialist, the active clinical practice of that specialty.

(*ii*) The instruction of students in an accredited health professional school or accredited residency or clinical research program in the same health profession in which the party against whom or on whose behalf the testimony is offered is licensed and, if that party is a specialist, an accredited health professional school or accredited residency or clinical research program in the same specialty.

Interpreting MCL 600.2169, our Supreme Court explained, "Although specialties and board certificates must match, not *all* specialties and board certificates must match." *Woodard v Custer*, 476 Mich 545, 558; 719 NW2d 842 (2006). ". . . § 2169(1) should not be understood to require such witness to specialize in specialties and possess board certificates that are not relevant to the standard of medical practice or care about which the witness is to testify . . . [it] operates to preclude certain witnesses from testifying solely on the basis of the witness' lack of practice or teaching experience in the *relevant* specialty." *Id.* at 559 (internal citation omitted). "A 'specialty' is a particular branch of medicine or surgery in which one can potentially become board certified. Accordingly, if the defendant physician practices a particular branch of medicine or surgery in which one can potentially become board certified, the [] expert must practice or teach the same particular branch of medicine or surgery." *Id.* at 561-562.

Prior to trial, plaintiff moved to strike and/or disqualify Dr. Voytas from testifying as an expert at trial. Plaintiff pointed out that defendant Dr. Cheryl Huckins was board certified in internal medicine and testified at deposition that she saw the decedent as an internal medical physician. She is not, according to her deposition testimony, board certified in any other specialty. Thus, an expert witness testifying on behalf of Dr. Huckins must, in order to comply with MCL 600.2169, (1) be board certified in internal medicine, (2) during the year immediately preceding the date of the occurrence that is the basis for the claim or action, have devoted a majority of his or her professional time to the active clinical practice of internal medicine.

Dr. Voytas, the proposed expert on behalf of Dr. Huckins is board certified in internal medicine and geriatric medicine. Dr. Voytas testified at deposition in this case that since 1994,

he has predominantly worked in geriatric medicine, devoting greater than 50% of his time since then to the practice of geriatric medicine. At a deposition in an unrelated 2009 case, Dr. Voytas testified that he worked as an internal medicine physician from 1984 to 1994, at which point he left internal medicine practice, completed a geriatrics fellowship, and accepted a position in the geriatrics division at Beaumont Hospital, where he has been since. Dr. Voytas testified that the practice of internal medicine involves the evaluation and management of medical conditions (including the most common conditions) primarily in adults.

*Stedman's Medical Dictionary* (26th ed.) defines "internal medicine" as "the branch of medicine concerned with nonsurgical diseases in adults, but not including diseases limited to the skin or to the nervous system." "Geriatric medicine" is defined as "a subspecialty of medicine that is concerned with the disease and health problems of older people, usually those over 65 years of age. Considered a subspecialty of internal medicine." *Id*. According to *Woodward*, 476 Mich at 562:

> [A] "subspecialty" is a particular branch of medicine or surgery in which one can potentially become board certified that falls under a specialty or within the hierarchy of that specialty. A subspecialty, although a more particularized specialty, is nevertheless a specialty. Therefore, if a defendant physician specializes in a subspecialty, the plaintiff's expert witness must have specialized in the same subspecialty as the defendant physician at the time of the occurrence that is the basis for the action.

As the majority notes, the trial court instructed the jury that the standard of care applicable to Dr. Huckins was that of an internal medicine doctor. The majority also agrees that Dr. Huckins was not practicing geriatric medicine at the time of the alleged malpractice. Given the above, and Dr. Voytas's testimony, I cannot agree that a logical conclusion would be that Dr. Voytas could testify on behalf of Dr. Huckins as an expert in internal medicine.

At his deposition in this case, Dr. Voytas unequivocally testified that since 1994 greater than 50% of his practice has been in geriatric medicine. He further testified that from 1994 through 2012 he had two responsibilities: one as being "on the medical staff of Beaumont Hospital in the division of geriatric medicine—the last six of those years being the actual program director" and the second responsibility as "an attending physician as well as the medical director of the Woodward Hills Nursing Home . . . ." Dr. Voytas thus *did not*, during the year immediately preceding the date of the occurrence that is the basis for the claim or action, devote a majority of his or her professional time to the active clinical practice of internal medicine and thus did not qualify as an expert witness under MCL 600.2169. As stated in *Woodward*, 476 Mich at 566, "one cannot devote a 'majority' of one's professional time to more than one specialty. Therefore, in order to be qualified to testify under § 2169(1)(b), the [] expert witness must have devoted a majority of his professional time during the year immediately preceding the date on which the alleged malpractice occurred to practicing or teaching the specialty that the defendant physician was practicing at the time of the alleged malpractice, i.e., the one most relevant specialty." Where the medical community and our Supreme Court have found it appropriate to determine that internal medicine and geriatric medicine are two different specialties (or one being a subspecialty of the other, and thus a specialty of its own), I would find that the trial court abused its discretion in allowing Dr. Voytas to provide standard-of-care

testimony in this case. Because Dr. Voytas was the only expert providing expert testimony on Dr. Huckins's behalf regarding the standard of care, reversal and remand for a new trial are warranted on the claims against Dr. Huckins and Washtenaw.

Because I find reversal and remand for a new trial appropriate with respect to defendants Dr. Huckins, Washtenaw, and Dr. Kelley, I would also necessarily reverse the award of attorney fees and costs in favor of these defendants.


/s/ Deborah A. Servitto